ESTATE OF RUDOLPH F. RABE, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39474. Promulgated April 22, 1932.

*R. M. O'Hara, Esq.*, and *J. A. Davis, Esq.*, for the petitioner.
*D. P. Kimball, Esq.*, and *E. C. Adams, Esq.*, for the respondent.

OPINION.

MURDOCK: The contention of the petitioner is that the distributions made to Rudolph F. Rabe, Sr., on July 3, 1925, and February 3, 1926, respectively, were amounts distributed in partial liquidation of the corporation, received by him in part payment for his stock, and therefore not taxable to him as ordinary dividends. The Commissioner has taxed the amounts as ordinary dividends. Has the petitioner proven error? No one contends that the other dividends were in liquidation. However, if the two distributions were in liquidation, why were not the others? On this theory the petitioner might owe more tax than the Commissioner has determined, depending upon what other distributions were made in 1926 prior to Rabe's death.

The provisions of the Revenue Act of 1926 upon which the petitioner relies are as follows:

SEC. 201. (c) Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 202, but shall

be recognized only to the extent provided in section 203. In the case of amounts distributed in partial liquidation (other than a distribution within the provisions of subdivision (g) of section 203 of stock or securities in connection with a reorganization) the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits within the meaning of subdivision (b) of this section for the purpose of determining the taxability of subsequent distributions by the corporation.

\* \* \* \* \* \* \*

(h) As used in this section the term "amounts distributed in partial liquidation" means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.

The act of the directors in characterizing the distributions "liquidating dividends" did not make them such within the meaning of the term as used in the revenue act. In determining the nature of a distribution, the facts of the case control. If acts are inconsistent with the declared purpose of the directors or stockholders, the declarations need not control. *Weiss* v. *Stern*, 265 U. S. 242; *W. E. Guild et al.*, 19 B. T. A. 1186; *James P. Gossett et al.*, 22 B. T. A. 1279; *E. G. Perry*, 9 B. T. A. 796. A liquidation usually begins with an agreement of the stockholders to liquidate and dissolve. No steps were taken by the stockholders or others toward dissolution. No effort was made to distribute the assets except as they were realized in cash. These distributions were not in sufficient amount to impair the capital. Beyer, the only witness, stated that the corporation was formed to accommodate Rabe's real estate transactions and these ended when Rabe became physically incapacitated in May, 1924. But he was unable to tell in particular how the activities of the corporation changed after that time from what they had been previously. Apparently it continued to operate normally, doing those things for which it was created, deriving a profit and distributing only its current and accumulated profits. It did not acquire much additional real estate thereafter, but this was not a change for it had acquired little since 1917. It went on unhurried in selling its lots at a profit. Its principal business seems to have been to hold and collect on mortgages. This continued and served a purpose of the stockholders. So far as the record discloses, its activities were always decreasing after 1917 due to the disposition of the real estate and the discharge of the mortgages as they became due. The record does not support the petitioner's contention and, therefore, we sustain the action of the Commissioner in taxing these as ordinary dividends.

*Judgment will be entered for the respondent.*